**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL DALE SIMPSON,
REG. #43967-083                                                                                          PLAINTIFF

v.                                          2:14CV00031-JLH-JJV

FCC FORREST CITY Low,
Medical Department                                                                                     DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Simpson, a federal inmate proceeding *pro se*, seeks relief in a federal civil rights action filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). By Order dated March 10, 2014, this Court noted that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and provided Plaintiff the opportunity and directions in which to submit an Amended Complaint, within thirty days of the date of the Order. (Doc. No. 2.) Plaintiff has not submitted an Amended Complaint; therefore, the Court finds his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

I.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.  FACTS AND ANALYSIS

As noted in the March 10, 2014 Order, Plaintiff's attempt to assert a *Bivens* claim against the Forrest City Low Federal Correctional Institution (FCI) Medical Department must fail, because *Bivens* claims cannot be asserted against federal agencies. *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008); *Laswell v. Brown* 683 F.2d 261, 264 (8th Cir. 1982). Although Plaintiff may pursue a *Bivens* action against individual Defendants, he does not specifically identify the employees alleged to have violated his constitutional rights in his Complaint, nor does he include sufficient allegations for a later determination of their identity. *Cf. Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible.) Absent an Amended Complaint which names the persons who allegedly violated Plaintiff's constitutional rights, the Court must dismiss his Complaint.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for

failure to state a claim upon which relief may be granted.

 2. This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

 3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

 DATED this 21st day of April, 2014.

           _____
           JOE J. VOLPE
           UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.