**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL DALE SIMPSON,                                                                                    PLAINTIFF
REG. #43967-083

v.                                              No. 2:14CV00031 JLH-JJV

FCC FORREST CITY
(Low), Medical Department                                                                                DEFENDANT

## ORDER

Michael Dale Simpson commenced this action seeking injunctive relief against FCC Forrest City (Low) and FCC (Low) Medical Department. He alleges that he has a serious circulatory problem that has resulted in leg pain and discoloring but that his requests for treatment have been ignored. He also alleges "systemic deprivations in general" regarding medical treatment at FCC Forrest City (Low).

The United States Magistrate Judge to whom this matter was referred has recommended that this action be dismissed for failure to state a claim. The Proposed Findings and Recommended Disposition characterizes Simpson's action as a *Bivens* claim, which must fail because *Bivens* claims cannot be asserted against federal agencies. The recommended disposition cites *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008). That case stated:

> *Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations. Accordingly, Patel's *Bivens* claims only extend to the individual Bureau Defendants and not to the BOP itself. The statutory claims and claims for injunctive relief, however, still apply to the BOP.

*Id.* (citations omitted). *Patel* relied on *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). There, the Supreme Court stated:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.

*Id*. at 72, 122 S. Ct. at 522.  But the Court also stated, "unlike the *Bivens* remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally."  *Id*. at 74, 122 S. Ct. at 523.

In short, Simpson's action is not a *Bivens* action because he does not seek monetary damages.  Rather, he seeks injunctive relief, and the Bureau of Prisons is a proper defendant for injunctive relief.  Therefore, the Court declines to adopt the Proposed Findings and Recommended Disposition submitted by the Magistrate Judge.  Document #5.

Upon *de novo* review, the Court finds that Simpson has stated a claim upon which relief may be granted.  Simpson has already been granted leave to proceed *in forma pauperis*, so the Court directs service of summons and complaint[1] by the United States Marshals Service upon the United States Attorney, the Attorney General, and the Warden of the Federal Correctional Complex in Forrest City, Arkansas.  The Court also directs the Clerk of Court to provide a copy of this Order to Richard Pence, Chief of the Civil Division for the United States Attorney for the Eastern District of Arkansas, and the Court orders the United States to respond to Simpson's request for a preliminary injunction on or before May 30, 2014.

IT IS SO ORDERED this 16th day of May, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Although styled as a motion, the document by which Simpson commenced this action also serves as a complaint because it's filing commenced this action.  Fed. R. Civ. P. 3.