**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL DALE SIMPSON,　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
REG. #43967-083

v.　　　　　　　　　　　　　2:14CV00031-JLH-JJV

FCC FORREST CITY, Low, Medical
Department; *et al*.　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

　　　　1.　　　　Why the record made before the Magistrate Judge is inadequate.

　　　　2.　　　　Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

　　　　3.　　　　The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Michael Simpson is a federal inmate at the Federal Correctional Institution (FCI) Forrest City, who initially filed a Motion for Preliminary Injunction on March 4, 2014 (Doc. No. 1). Pursuant to the Court's May 16, 2014, Order, the Motion was filed as a Complaint and served against the Bureau of Prisons (Doc. No. 8). The Court then granted Plaintiff's Motion to Amend his Complaint, to assert a claim of denial of adequate medical care and treatment against Defendants Charles Miller, M. Wingo, and B. Wooten, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (Doc. No. 40).[1]

Pending before the Court is the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, a Brief in Support, and a Statement of Facts (Doc. Nos. 65-67), to which Plaintiff filed a Response and Exhibits in support (Doc. Nos. 71-72).

---

[1] The Court denied Plaintiff's Motion to Amend with respect to all other claims and other Defendants; therefore, Defendant FCC Forrest City Low, Medical Department, should be dismissed without prejudice.

2

## II. SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A. Exhaustion

The PLRA requires that prior to filing a federal lawsuit, an inmate must exhaust his administrative remedies as set forth by the prison grievance procedures. *Jones v. Bock*, 549 U.S. 199, 212 (2007). According to Susan Gaither, Secretary to the Associate Warden, FCI, Forrest City, the federal administrative remedy process consists of three steps, instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. (Doc. No. 66-1 at 2.) Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the BOP, via a BP-11 form (*Id.*) However, according to the BOP records, Plaintiff has never exhausted any administrative claim he

3

filed, including grievances filed in March and April 2014, complaining about inadequate medical care and treatment. (*Id.* at 4-6.)

As noted above, Plaintiff filed this action on March 4, 2014, by filing a Motion for Preliminary Injunctive Relief. (Doc. No. 1.) On March 19, 2014, Plaintiff submitted a grievance about inadequate health care, #771941-F1, which was rejected because he failed to first submit an informal resolution request. (Doc. No. 66-1 at 4, 13.) His appeals of that rejection to the Region and the Office of General Counsel were rejected on April 28, 2014, and June 12, 2014. (*Id.* at 5, 13.) Plaintiff then resubmitted his grievance by submitting an informal resolution, #771941-F2, dated April 21, 2014, and signed by the unit manager on May 1, 2014. (*Id.*) The claim was denied at the unit level on June 2, 2014, and Plaintiff did not file an appeal. (*Id*. at 6, 16-18.)

Plaintiff, however, claims that he filed numerous "cop-outs," or informal requests, to which he received no response. Therefore, he claims the formal grievances he filed were erroneously rejected due to the unit staff's failure to properly process them and maintain proper records. In support, Plaintiff attaches 400 pages of documents, including informal requests, requests for administrative remedies, and appeals (Doc. No. 72).

The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels.

In this case, as mentioned above, the final level is the General Counsel for the Central Office of the BOP, pursuant to a BP–11 form. The United States Supreme Court held that in enacting the

PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). In addition, in *Chelette v. Harris*, the United States Court of Appeals for the Eighth Circuit Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000)). In *Johnson v. Jones*, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, the Supreme Court held in *Jones v. Bock* that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

The burden of proving exhaustion is on the Defendants, and the PLRA does not require exhaustion of all remedies but "'such administrative remedies as are available.'" *Foulk v. Charrier*, 262 F.3d 687, 697-8 (8th Cir. 2001) (quoting *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001)). Given the Plaintiff's Response to Defendants' Motion and the numerous exhibits filed in support, the Court finds a sufficient dispute of fact over whether administrative remedies were available to Plaintiff. Absent clear proof to the contrary, Defendants' failure to exhaust defense should be denied.

    **B.**    **Sovereign Immunity**

The Court agrees with Defendants that they are entitled to sovereign immunity with respect to Plaintiff's monetary claims against them in their official capacities. *FDIC v. Meyer*, 510 U.S. 471,

5

475 (1994); *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).

### C. Qualified Immunity

The Court also agrees that Defendants are entitled to qualified immunity with respect to Plaintiff's allegations against them in their individual capacities, because Plaintiff's allegations against them do not establish the violation of a constitutional or statutory right.

Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

answer both questions in the affirmative. *Nelson v. Correctional Medical Services,* 583 F.3d 522, 528 (8th Cir. 2009).

According to Plaintiff's Amended Complaint, Defendant Wooten interviewed him during the intake process on September 12, 2013, and recorded information about his medical conditions and medications. (Doc. No. 39 at 8.) Wooten advised Plaintiff that his medications would be discontinued, but replaced, and that Plaintiff would be provided the opportunity for an eye examination. (*Id*. at 9.) He also explained to Plaintiff that he would have to sign up for teeth cleaning in order to get false teeth replacements. (*Id*.) Defendant Wingo examined Plaintiff on February 4, 2014, told Plaintiff about lab results taken on September 18, 2013, and told him to watch for a doctor call-out. (*Id*. at 16.) When Plaintiff protested, he was sent to the hospital in Forrest City. (*Id*.)

Plaintiff also states during sick call on January 23, 2013, Defendant Wooten examined him, said he needed to see a doctor, and to watch for a call-out. (*Id.* at 15.) Finally, Plaintiff alleges Defendant Miller, his unit counselor, impeded his ability to use the administrative remedy process. (*Id.* at 25, 35.)

In order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove Defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment

7

or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

> The United States Court of Appeals for the Eighth Circuit has explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Additionally, a prison official who is "not involved in treatment decision made by the medical unit's staff and 'lacked medical expertise, ...cannot be liable for the medical staff's diagnostic decision[s].'" *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995)). Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

In this case, as asserted by Defendants, Plaintiff's allegations against them do not rise to the level of deliberate indifference. According to medical records provided by Plaintiff, Wingo saw him on February 4, 2014, told him he would be placed on doctor's call, requested a cardiology consultation and provided Plaintiff with lab results. (Doc. No. 72 at 15-19.) Wingo again saw him on February 18, 2014, when he examined Plaintiff's legs and provided him with topical medications.

(*Id*. at 10-11.) Plaintiff provides no evidence that Wingo or Wooten (who saw Plaintiff in September 2013 and January 2014) consciously refused to examine or treat him or denied him adequate medical care and treatment. While Plaintiff claims that Wingo's "involvement in this case goes further," because she "gave the wrong diagnosis to start with" (Doc. No. 71 at 8), he provides no evidence to support that Wingo acted deliberately or that her actions amounted to more than negligence. Similarly, Plaintiff provides no evidence to support deliberate indifference by Defendant Wooten.

Plaintiff's allegations against Defendant Miller – that he acted to impede the administrative remedy process – also do not support a constitutional claim for relief. Claims about processing, investigating, or responding to grievances, even with proof of a violation of prison policy, fail to implicate a federal right. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). And, any claim that Miller somehow prevented Plaintiff from receiving adequate medical care and treatment does not support a claim for relief, because Miller is not a medical professional and cannot be liable for medical staff's treatment decisions. *Keeper,* 130 F.3d at 1314.

Therefore, upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED, that:

1. The Court denied Plaintiff's Motion to Amend with respect to all other claims and

other Defendants (Doc. No. 40); therefore, Defendant FCC Forrest City Low, Medical Department, should be dismissed without prejudice.

2. Defendants' Motion to Dismiss, or in the alternative for Summary Judgment (Doc. No. 65), be GRANTED, and this case be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 5th day of December, 2014.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE